BUNTEN, Appellee,

v.

BUNTEN, Appellant.

[Cite as *Bunten v. Bunten* (1998), 126 Ohio App.3d 443.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–97–36.

Decided Feb. 26, 1998.

*Frederick B. Johnson,* for appellant.

*Dorothy Liggett Pelanda,* for appellee.

EVANS, Judge.

This appeal is brought by Dwane D. Bunten, appellant, from a judgment of the Court of Common Pleas of Union County modifying a shared parenting plan.

Dwane and Cindy S. Bunten divorced in November 1993. Pursuant to their divorce decree, Dwane and Cindy shared the rights and responsibilities for the care of their two minor children, Myles and Breeann, in accordance with a shared parenting plan adjudged by the court to be in the children's best interest. According to the plan's graduated schedule, the parties were to alternate parenting responsibilities on a weekly basis until the couple's oldest child, Myles, reached the age of five. Upon this occurrence, the parties were to switch to a biweekly pattern of residential custody. When Myles entered school on a full-

time basis, the plan provided that the parties would alternate custody of the children monthly. By August 1997, Myles was about to enter first grade and Dwane and Cindy Bunten had begun alternating months with their children.

While the 1993 shared parenting plan established that the children would attend school in the Marysville City School System, a disagreement arose between the parties regarding which elementary school in the city the children should attend. On August 6, 1997, Dwane Bunten filed a Motion for Modification of the Shared Parenting Plan, asking the court to allow the children to attend East Elementary School, the school nearest him, versus Mill Valley Elementary School, a newly built school closer to Cindy's residence.[1] The motion also requested an order requiring the residential parent of the children to take the children to sporting activities and practice or to otherwise allow the nonresidential parent to do so. A hearing was held on August 22, 1997, wherein the court, upon learning that the parties were alternating the residence of the children every month, declared that the best interests of the children were not being served under the current shared parenting arrangement. After hearing additional testimony, the court modified the shared parenting plan by giving each party care and control of their minor children for a period of alternating school years. The court further found that the parties had agreed to the children's participation in sporting events at the sole expense and travel inconvenience of Dwane Bunten.

Appellant now appeals the decision of the trial court for the following reason:

"The trial court erred as a matter of law by modifying the shared parenting plan without considering the applicable criteria under [R.C.] 3109.04(E)."

Appellant contends that the trial court failed to consider the criteria for modification set out in R.C. 3109.04(E) before changing the month-to-month shared parenting arrangement of the parties to alternating school years. Appellant argues that the trial court heard no evidence on the factors in R.C. 3109.04(E)(1)(a) or 3109.04(F)(1) regarding the best interests of the children before changing the parties' shared parenting arrangement, an arrangement, appellant notes, that had previously been approved by the common pleas court in 1993 as a part of the parties' divorce decree and that neither party in this case sought to amend in the manner accomplished by the trial court.

---

1. Apparently, Myles and Breeann would qualify to go to East Elementary School if Dwane Bunten's address were used as the children's residence versus Mill Valley Elementary School if Cindy Bunten's address was used as their place of residence. According to R.C. 3313.64, children are required to be admitted to the school of the school district in which the parent resides. "Parent," according to R.C. 3313.64(A)(1), means "the parent who is the residential parent and legal custodian" of a child, in cases of separated or divorced parents. The original shared parenting plan of the parties designated both Dwane and Cindy "residential" parent, thus, giving rise to the dilemma for which Dwane Bunten sought court assistance and remedy.

R.C. 3109.04(E)(1)(a) states:

"The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

"* * *

"(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

We are mindful in our review of this case that judgments supported by some competent, credible evidence going to all the essential elements of a case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *Masitto v. Masitto* (1986), 22 Ohio St.3d 63, 66, 22 OBR 81, 83–84, 488 N.E.2d 857, 860–861. However, upon reviewing the record, we find that the trial court did not have sufficient evidence before it to justify the modification of the parties' shared parenting plan under the requirements of R.C. 3109.04(E)(1)(a).

In summary, R.C. 3109.04(E)(1)(a) requires the court to make the following three findings in this case before modifying a prior decree allocating parental rights and responsibilities: (1) that there exists a change in circumstances of the child or his parents, (2) that modification would be in the best interests of the child, and (3) that the harm likely to be caused by changing a child's environment is outweighed by the advantages of the change in environment to the child.

The record of the hearing on modification reveals that the circumstances of the parties had changed since the original divorce decree was effected. Both parties had remarried and now had to care for other children or stepchildren in addition to Myles and Breeann. Cindy Bunten had recently left full-time employment outside the home to stay home with her children and work as a daycare provider. Moreover, Myles and Breeann were reaching school age. Since the parties alternated the "residential" parent status depending on which month the children stayed with them, the children would qualify to attend different elementary schools each month. See, generally, R.C. 3313.64(A)(1) and (B)(1); fn. 1, *supra*. Together, the foregoing circumstances, not contemplated by the parties when the original shared parenting plan was adopted, demonstrate the changed circumstances of the parties.

The trial court went on to find that the best interests of the children required modification of the existing shared parenting plan. We note that "findings of fact and conclusions of law" were not specifically requested by appellant pursuant to Civ.R. 52. As a result, a judgment entry "may be general," and we will presume the regularity of the proceedings at the trial level. See Civ.R. 52; *Scovanner v. Toelke* (1928), 119 Ohio St. 256, 163 N.E. 493, paragraph four of the syllabus. Although the trial court is instructed to consider all relevant factors, including those enumerated in R.C. 3109.04(F)(1)(a) through (j), when determining the best interests of the children, it is not necessary for the court to set forth its analysis as to each factor in its judgment entry, so long as the judgment entry is supported by some competent, credible evidence. See *Masitto, supra.*

Upon hearing of the school registration problem caused by the current shared parenting plan, the court concluded that alternating the children's home and school month to month was contrary to their best interest, especially when considering their tender age. Consequently, the court designated Cindy Bunten residential parent for each school year beginning in odd numbered years and appellant residential parent during even numbered years.

This court agrees that switching the home and school of children month to month is unreasonable and contrary to their best interests. However, we can find no evidence in the record that the court could have considered when applying the factors set out in R.C. 3109.04(F)(1) when determining that the best interests of the children would be served by modification of the shared parenting plan allowing the parties to alternate custody by school year. While both parties made it clear to the court in the hearing on modification that they each wished to have custody of the children, a factor relative to the best-interest test pursuant to R.C. 3109.04(F)(1)(a), the court did not mention this factor in support of its judgment entry modifying the shared parenting arrangement. Nor do we find this fact alone sufficient to support the court's modification of the shared parenting plan.

Furthermore, we note that the amended shared parenting plan ordered by the trial court failed to adequately address the problem for which appellant originally sought judicial assistance—a determination of which elementary school the children should attend, East Elementary or Mill Valley Elementary. While the trial court has no authority to order the children to attend one or the other, since enrollment is determined by the school district, the court could have designated one party "residential parent" for purposes of school registration. See fn. 1, *supra.* Under the newly amended plan, wherein residential status is bestowed on the parties on alternating years, the children are subject to enrollment at different elementary schools each year. There is no evidence that the court

considered the possibility of this yearly change and the resulting effect it could have on the lives of the young children involved in this case. Under R.C. 3109.04(F)(1)(d), the court should have considered the foregoing factors when determining whether a modified shared parenting plan would be in the best interest of the children.

Clearly, the trial court was correct in its conclusion that the best interests of the children were not being met by the current shared parenting plan. However, this court finds no evidence in the record to support the conclusion that the modified plan ordered by the court would be in the best interests of the children or that the harm caused by the change in the children's environment would be outweighed by the advantages in the change in environment, as required in R.C. 3109.04(E)(1)(a) and (a)(iii). The trial court must hear additional evidence regarding the best interest of the children and the effects any change in environment will have on the children in this case before ordering a modification of the parties' existing shared parenting plan. Appellant's assignment of error is sustained.

Having found error prejudicial to the appellant herein in the particulars assigned and argued, we vacate the judgment of the trial court and remand the cause for further proceedings not inconsistent with this opinion.

*Judgment vacated
and cause remanded.*

SHAW, P.J., and THOMAS F. BRYANT, J., concur.