OPINION
Jeffrey S. Smith, plaintiff-appellant, appeals the August 18, 2000 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, wherein the court designated Laura M. Smith, defendant-appellee, the legal custodian and residential parent of the parties' minor child.
This case was previously before this court in Smith v. Smith (Dec. 28, 1999), Franklin App. No. 98AP-1641, unreported ("Smith I"). In Smith I, we found that the trial court erred in naming appellee residential parent and legal custodian of the parties' minor child while simultaneously naming appellant "school placement parent." We then went on to find:
 Because, however, we are unable to discern from the trial court's opinion the significance the trial court attached to the school placement issue, we are unable to ascertain whether that issue may be substantial enough to cause the trial court to reexamine which party should be the custodial parent. Accordingly, we remand this matter to the trial court to determine who will serve as Taylor's custodial parent in light of this court's ruling that the school placement issue may not be separated from the bundle of custody rights attaching to the residential and custodial parent. Id.
Upon remand, the trial court held a status conference on June 16, 2000. Neither party requested a transcript from the conference, and there is no record of the proceedings. Appellant filed a motion for an evidentiary hearing and stay on June 23, 2000, which the trial court denied that same day. Also on June 23, 2000, the guardian ad litem
("guardian"), filed a memorandum on pending litigation, which included letters and notes from the child's pediatrician, optometrist, psychologist, and teacher. On August 18, 2000, the trial court issued a decision and entry, in which appellee was named the legal custodian and residential parent, including the school placement parent. On August 30, 2000, the trial court filed an amended judgment entry, which added an order that appellant pay child support pursuant to the child support guidelines. Appellant now appeals the trial court's judgment, asserting the following two assignments of error:
 I. The Trial Court committed error in refusing to grant an evidentiary hearing.
 II. The Trial Court committed error in disobeying this Court's prior order in this case in Smith v. Smith, Case
 No. 98AP-1641 (99 December 6073, December 28, 1999). [sic] By allowing the Guardian Ad Litem to file a report and considering that report in her decision without allowing cross-examination of the Guardian Ad Litem.
Appellant argues in his first assignment of error that the trial court erred in refusing to grant an evidentiary hearing. Appellant first argues that he should have been granted an evidentiary hearing because, in reviewing additional documents and learning of new medical issues at the status conference upon remand, the trial court violated Loc.Dom.R. 3(B). We disagree for several reasons. First, the language of Loc.Dom.R. 3(B) refers only to status conferences conducted pursuant to motions requesting temporary orders prior to trial. Loc.Dom.R. 3(B) does not contemplate management of status conferences upon remand and is not persuasive under the current circumstances.
As appellee points out, this court cannot be certain what actually took place at the status conference on June 16, 2000, because there is no record of the conference; thus, our review of that issue is severely limited. See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. Appellant also did not invoke the procedure of App.R. 9(C) to reconstruct what was said at the conference or its importance. See Clinev. Electronic Data Systems Corp. (Sept. 18, 2000), Washington App. No. 99CA14, unreported (appellant's failure to utilize App.R. 9(C) or (D) to reconstruct the record of a conference waives on appeal any error occurring during such conference); Morckel v. Morckel (July 12, 1990), Miami App. No. 89 CA 52, unreported. The only document in the record that references the events of the status conference is the guardian's memorandum filed with the court. However, this is insufficient to constitute a transcript for appellate purposes and, thus, we must presume regularity in the proceedings below. See Knapp, supra. We also note that although appellant is unrelenting and specific in his brief that the guardian's memorandum was not "evidence" and cannot be relied upon, he wishes this court to consider it as an accurate record of the proceedings in support of his arguments. We find these positions inconsistent.
Although appellant did file a motion for an evidentiary hearing based on remand, and a motion for stay seven days after the evidentiary hearing, the record that exists before us fails to indicate that appellant objected in any manner to any of the events that took place at the time of the status conference. Thus, appellant had an opportunity to avoid or correct any perceived improprieties that he believed occurred during the status conference but failed to do so. See Schade v. CarnegieBody Co. (1982), 70 Ohio St.2d 207. Further, appellant did not request findings of fact and conclusions of law pursuant to Civ.R. 52 in order to determine what the trial court relied upon in making its determination. It is well-established that a judgment entry may be general, and where findings of fact and conclusions of law are not specifically requested by the party, regularity of proceedings at the trial level will be presumed. Bunten v. Bunten (1998), 126 Ohio App.3d 443.
Appellant next argues that the trial court erred in refusing to grant an evidentiary hearing because the court "likely" did not even read his motion for an evidentiary hearing. Appellant's argument appears to be based upon the short period that elapsed between the filing of his motion for an evidentiary hearing June 23, 2000, at 1:55 p.m. and the filing of the trial court's judgment denying such motion June 23, 2000, at 3:57 p.m. We find nothing in the record to substantiate this claim. This argument is without merit.
We further note that, importantly, the trial court did not indicate in its judgment that it relied upon the guardian's memorandum and did not reference it. On the issue of residential parent and legal custodian, the trial court stated:
 * * * This Court previously held that shared parenting was not appropriate between these two parties, and had designated the defendant, Laura M. Smith, residential parent, and the plaintiff, Jeffrey S. Smith, school placement parent.
* * *
 The Court hereby ORDERS that Laura M. Smith shall be the residential parent and legal custodian of the minor child, Taylor Smith, which includes the designation of school placement parent.
Thus, we have no evidence in the record that the trial court considered the guardian's memorandum in determining which parent should be the legal custodian and residential parent. The record is equally lacking in any indication as to why the guardian filed the memorandum, as there is no evidence to indicate that the trial court ordered or requested the guardian to do so. Therefore, we cannot speculate as to whether the trial court relied upon or found relevant the guardian's memorandum in making its determination of custody upon remand. This argument is without merit.
We also point out that the guardian's ostensible purpose for presenting the memorandum was to aid in the determination of visitation that should be afforded to appellant and not who should be named the legal custodian and residential parent. The guardian explained:
 At the status conference on June 16, 2000, Judge McGee Brown has indicated that, in view of the Court of Appeals' decision, she is inclined for the same reasons that she rejected shared parenting at the trial, to designate Laura Smith as residential parent and legal custodian with the ancillary right to have Taylor attend school based upon her residence. The question has then arisen as to what visitation should be afforded to Scott Smith.
Although the guardian's stated purpose was only to aid in visitation, appellant's subsequent motion for an evidentiary hearing and stay seemed to pray for a rehearing on all issues, including who should be named legal custodian and residential parent, stating: "Plaintiff is therefore requesting an evidentiary hearing so that evidence can be adduced as to who will be Taylor's custodial parent and to show that requiring Taylor to be moved from his present environment would not be in his best interest." (Emphasis sic.) Thus, the guardian's memorandum did not seek to address the issues of legal custodian or residential parent, which are issues appellant actually seeks to relitigate. Therefore, for the foregoing reasons, appellant's first assignment of error is overruled. Appellant argues in his second assignment of error that the trial court erred in disobeying this court's order in Smith I by allowing the guardian to file a report and considering that report in its decision without allowing cross-examination of the guardian. We disagree. As previously stated, there is nothing in the trial court's decision or anywhere else in the record to indicate that the trial court considered the guardian's report in making its determination on the issues of legal custodian or residential parent. Also, appellant failed to file a motion to strike the guardian's memorandum after it was filed with the court. See, generally, Hines v. Aetna Cas. Sur. Co. (Jan. 9, 1992), Cuyahoga App. No. 59600, unreported (litigants have a duty to respond to improperly filed pleadings by filing a motion to strike or by otherwise interposing a timely objection), citing Rodger v. McDonald's Restaurants of Ohio,Inc. (1982), 8 Ohio App.3d 256, 258, fn. 7. Therefore, we find this argument without merit and overrule appellant's second assignment of error.
Accordingly, we overrule appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
PETREE and BOWMAN, JJ., concur.