DECISION AND JUDGMENT ENTRY
Kelleys Island, which is located in Lake Erie, is encompassed entirely by the village of Kelley's Island, one of the appellees in this case. Lake Shore Drive runs along the southern and western portions of the island, generally separating the shoreline from the upland or the developable property. In 1992, village zoning ordinances contained setback and structure height requirements which effectively prohibited most shoreline buildings. Consequently, when appellee Charles Martin applied for a permit to build a gazebo on his shoreline property in 1992, Kelleys Island's building inspector denied the application.
In 1993, Kelleys Island Village Council repealed its zoning code in toto, substituting an entirely new ordinance. In the process, council (apparently inadvertently) omitted the sections of the zoning code which contained the height and set-back requirements. Village Council did not rectify this omission until 1997, when it re-enacted the omitted portions as sections 152.010(D) and (E) of the village code. In the intervening time, appellee Martin once again applied for a permit to construct his shoreline gazebo. This time, appellee was granted the permit, and he constructed the structure.
On September 8, 1998, pursuant to R.C. 713.13, appellant, Theodore W. Terry, as relator for the village of Kelleys Island, brought suit in the Erie County Court of Common Pleas in an attempt to force appellee village, its solicitor, mayor and zoning inspector (appellant's brother, appellee John Terry) to enforce the village's zoning ordinances and require appellee Martin to tear down his allegedly nonconforming gazebo.
The matter proceeded to a bench trial. Following the trial, the court concluded that Kelleys Island ordinance 152.010(D) was not effective at the time the village appellees issued Martin's building permit. Therefore, the court concluded, the gazebo at issue did not violate the zoning ordinances. The trial court denied appellant relief and dismissed his complaint. This appeal followed.
Pursuant to 6th Dist.Loc.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
In two assignments of error, appellant complains that: 1) the trial court erroneously limited its conclusions to whether zoning ordinance 152.010(D) applied to this permit, and 2) the trial court's determination that there was no zoning ordinance violation was against the manifest weight of the evidence.
In his first assignment of error, appellant essentially concedes the propriety of the trial court's determination that ordinance 152.010(D) was not applicable to the issuance of this building permit. See Gibson v.City of Oberlin (1960), 171 Ohio St. 1, paragraph two of the syllabus. Nevertheless, appellant insists the court should have also considered evidence submitted which showed that the structure at issue violated other zoning requirements, specifically set back requirements for the property's agricultural zoning.
As appellees point out, appellant did not request findings of fact or conclusions of law in this matter. Absent such findings and conclusions, we ordinarily presume the regularity of the proceedings at the trial level when there is a general judgment entered. Bunten v.Bunten (1998), 126 Ohio App.3d 443, 447, citing Scovanner v. Toelke
(1928), 119 Ohio St. 256, paragraph four of the syllabus. We must, therefore, presume that the trial court considered all of appellant's arguments and rejected them. Moreover, the unrefuted evidence at trial was that the shoreline property upon which the gazebo was built was subject to special zoning by virtue of a shoreline "overlay" zoning district which permitted the structure. See R.C. 1.51. Accordingly, appellant's first assignment of error is not well-taken.
With respect to appellant's second assignment of error, judgments supported by some competent credible evidence will not be overturned on appeal as being against the manifest weight of the evidence. C.E. Morrisv. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280. Here, the village zoning inspector (appellant's brother) and the village solicitor testified that the gazebo at issue did not violate the village zoning code. This is competent, credible evidence by which the court could have reached its ultimate conclusion. Accordingly, appellant's second assignment of error is not well-taken.
Upon consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J. JUDGES CONCUR.