OPINION
{¶ 1} This appeal is brought by Plaintiff-Appellant Robert L. Akens from the judgment of the Court of Common Pleas, Van Wert County, finding insufficient evidence to hold Defendant-Appellee R.T.H. Processing, Inc. liable for breach of contract, unjust enrichment and conversion. For the reasons set forth in the opinion below, we affirm the trial court's order.
 {¶ 2} The record presents the following facts. In the 1980's, the Federal Environmental Protection Agency began restricting the industrial disposal of excess or scrap black rubber, which in turn created a market for recycled black rubber. Appellant Robert Akens ("Akens") entered this market and established a business procuring scrap black rubber and having it processed into a form suitable for use in the construction of athletic tracks. In 1993, in the cours of this business Akens sought out the services of Robert Horstman, the president and owner of Appellee R.T.H. Processing, Inc. ("RTH").
 {¶ 3} RTH operates a facility in Van Wert, Ohio which specializes in grinding scrap black rubber and forming it into small pellets. Akens and RTH entered into an arrangement whereby Akens would cause scrap rubber to be shipped to RTH for processing and packaging. RTH would then ship the finished product to Akens' customers. Akens billed his customers directly and paid RTH $.06 or $.07 per pound of processed pellets; retaining a gross profit of $.05 per pound. Akens and RTH did not sign a written agreement acknowledging these terms, but over time followed a course of conduct substantiating their existence.
 {¶ 4} Sometime in 1995, RTH began procuring scrap rubber from its own sources and processing it for sale to its own customers, separate from the arrangement with Akens. Thereafter, in 1998, RTH wrote a letter to Akens informing him of its decision to modify their current business relationship. Essentially RTH no longer wished to have Akens cause rubber to be shipped to their facility but instead wished to concentrate on fulfilling the needs of its own customers. RTH informed Akens that all future dealings between the parties would be treated as standard, vendor-customer transactions. Akens rejected the modification and terminated all business dealings with RTH.
 {¶ 5} On May 27, 1999, Akens filed a complaint in the Court of Common Pleas, Van Wert County, against RTH stating claims for breach of contract, unjust enrichment, and conversion. In the complaint, Akens alleged that during the years 1995, 1996, and 1997, RTH had misappropriated over 4 million pounds of scrap black rubber and had caused it to be processed and sold to RTH customers without compensating Akens. RTH filed an answer denying the allegations and asserting various affirmative defenses. Additionally, RTH filed a counterclaim alleging that Akens owed RTH $15,000 for services, goods, and/or materials. The matter came on for trial by the court on March 25, 2002, wherein the court heard the testimony of six witnesses and admitted numerous exhibits proffered by the parties. The majority of the evidence consisted of invoices and bills of lading encompassing several years' worth of black rubber deliveries to the RTH facility.
 {¶ 6} On July 17, 2002, the trial court issued a judgment entry finding that Akens had failed to establish, by a preponderance of the evidence; (1) that he was deprived of possession of scrap black rubber by any authorized acts of RTH or that RTH wrongfully exercised dominion or control over that property; (2) that RTH converted any of Akens' scrap black rubber for its own use without compensating Akens and; (3) that RTH used for its own economic benefit any scrap black rubber in its possession which was owned by Akens. With regard to RTH's counterclaim, the court found that RTH failed to establish by a preponderance of the evidence that it furnished any materials to Akens' benefit and with Akens' knowledge for which it was not paid. Thereafter, the court dismissed Akens complaint and RTH's counterclaim. It is from this order that Akens now appeals.
 {¶ 7} Appellant raises the following assignments of error:
 The trial court's finding that the Appellee did not breach the implied contract with the Appellant is against the manifest weight of the evidence.
 The trial court's finding that the Appellant has failed to establish by preponderance of the evidence that the Appellee has wrongfully taken control over the Appellant's property by unwarranted acts and has unjustly enriched himself to the detriment of the Appellant is against the manifest weight of the evidence.
 {¶ 8} As appellant's two assignments of error raise similar issues based upon one factual claim, that RTH processed Akens' scrap rubber into pellets and sold them to its own customers without compensating Akens, we elect to consider the assignments together. When reviewing a trial court's judgment following a bench trial, an appellate court is "guided by a presumption" that the fact-finder's findings are correct. SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273. Accordingly, judgments supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. Rasnick v. Tubbs (1998), 126 Ohio App.3d 431, 437, 710 N.E.2d 750
(citing C.E. Morris Co. v. Foley Constr. Co. [1978], 54 Ohio St.2d 279,376 N.E.2d 578, syllabus).
 {¶ 9} Initially, we note that the decision in this case was a general judgment for the plaintiff, with limited details regarding the court's rationale. This was permissible since trial courts do not have to issue findings of fact or conclusions of law unless a party files a request under Civ. R. 52. Where a party pails to request findings of fact and conclusions of law, we must presume the regularity of the trial court proceedings. See, e.g., Bunten v. Bunten (1998), 126 Ohio App.3d 443,447, 710 N.E.2d 757. Therefore, the limited findings at bar obviously restrict our review and present a difficult challenge for an appellant who claims that the trial court's decision is against the manifest weight of the evidence.
 {¶ 10} Appellant contends that the trial court's judgments on each of his three claims were against the manifest weight of the evidence since he established, through the introduction of invoices and bills of lading, that from 1995 through 1997, Akens caused over 15 million pounds of scrap black rubber to be shipped to RTH and that RTH shipped out roughly 11 million pounds of finished product to Akens' customers. According to Appellant, the 4 million pound deficit is enough to show by a preponderance of the evidence that RTH breached the agreement of the parties by wrongfully converting Akens' property and selling it for its own profit.
 {¶ 11} The trial court concluded otherwise, stating, The amount of scrap black rubber purchased by Akens and delivered to RTH for the toll grinding process cannot be accurately ascertained since few of the truckloads of the scrap black rubber were weighed. In addition, RTH was able to process only a portion of the black scrap rubber of Akens' that it received due to the material being of poor quality or contaminated. Another complicating factor in determining the actual weight of the black scrap rubber Akens claims was received by RTH is the inclusion in the estimated gross weight of each load of TARE or packaging material. Finally, any attempts to determine the amount of scrap black rubber delivered to RTH based upon the weight of the pellet was made difficult because of the weight loss which resulted from the processing of the scrap black rubber into pellets, which weight lost can only be estimated.
 {¶ 12} We have reviewed the entire trial record, including the exhibits and transcript and find competent, credible evidence to support the trial court's conclusions. Appellant did not exert physical control over the scrap rubber at any time prior to its shipment to RTH. Furthermore, Appellant did not keep accurate, reliable records regarding the size and weight of the shipments; instead he relies on bills of lading created by third parties. Likewise, RTH did not keep accurate records of the incoming scrap rubber since Appellant paid RTH per pound of finished material, with no regard to how much scrap rubber came in. Finally, there is uncontroverted evidence that RTH took measures, within its facility, to separate the scrap rubber belonging to Akens and its own rubber inventory. As the trial court pointed out, there is no accurate way to establish the actual difference between the incoming rubber and the outgoing pellets; much less that RTH converted the difference for its own use and benefit.
 {¶ 13} Accordingly, we find that the trial court's judgments regarding Appellant's claims for breach of implied contract, unjust enrichment, and conversion were not against the manifest weight of the evidence. Appellant's assignments of error one and two are overruled. For the reasons stated it is the order of this Court that the judgment of the Court of Common Plea, Van Wert County is hereby AFFIRMED.
 Judgment affirmed.
 WALTERS and SHAW, JJ., concur.