OPINION
{¶ 1} Wayne Vankirk is appealing the judgment of the Miami County Juvenile Court, which determined his stepson to be an abused child and his son to be a dependent child.
 {¶ 2} Vankirk was married to Christy Fasick in the early part of the 1990s. When the couple was dating prior to their marriage, Fasick gave birth in 1991 to Nicholas Youngerman, who was not Vankirk's biological son. The couple wed and during the marriage in 1993 had another child, Colin, who was Vankirk's biological son. Both Fasick and Vankirk led Nicholas to believe that Vankirk was his father. Subsequently, the parents divorced, and custody of both children was awarded to Vankirk. Fasick informed Nicholas at this time that Vankirk was not his biological father.
 {¶ 3} Allegations of abuse arose after the divorce when Nicholas and Colin were living with Vankirk. On December 4, 2001, the Miami County Children's Services Board ("MCCSB") received an allegation of physical and emotional abuse by Vankirk towards Nicholas. MCCSB recommended that Vankirk cease using physical discipline and involve Nicholas in individual counseling and initiate family counseling. On February 7, 2002, MCCSB became involved with the family again regarding concerns of emotional abuse, specifically Vankirk belittling and name calling both Nicholas and Colin. MCCSB again recommended that the family receive individual therapy for the children, initiate family therapy, and for Vankirk to cease using physical discipline. On April 6, 2002, MCCSB again received a call alleging physical abuse involving the children. The MCCSB caseworker visited the children's school and observed a bruise to Nicholas's right upper lip that both boys stated was caused by the open hand of Vankirk. Photographs were taken and the boys interviewed. Additionally, the caseworker spoke with Vankirk, who admitted he hit Nicholas in the mouth area, but stated he was unaware of bruising or cutting his mouth. MCCSB again recommended individual counseling for both boys, family therapy, and that Vankirk no longer use physical discipline with the boys. On April 29, 2002, MCCSB again received allegations of physical abuse involving Nicholas and Colin. This time Nicholas had adult knuckle bruises on his right leg that he reported were from Vankirk. Additionally, he stated that Vankirk punched him in the leg for humming too loud. He stated that Vankirk had also slapped Colin with an open hand across the mouth. Photographs of the bruises and markings were taken and the boys were interviewed.
 {¶ 4} As a result of these incidents, MCCSB requested and received Ex Parte Interim Custody of Nicholas and Colin, placing the children with Fasick. MCCSB then filed a complaint alleging that Nicholas was an abused child pursuant to R.C. 2151.031(D) and that Colin was a dependent child pursuant to R.C. 2151.04(D). MCCSB requested that legal custody be transferred to Fasick. An adjudicatory hearing was held before a magistrate on July 31, 2002. At the conclusion of the hearing, the magistrate determined that Nicholas was an abused child and Colin was a dependent child. The trial court continued the interim order of custody to MCCSB and the placement of the children with Fasick. Vankirk failed to request findings of fact or conclusions of law with the court. Additionally, Vankirk failed to file objections to the magistrate's decision adjudicating Nicholas to be an abused child and Colin to be a dependent child.
 {¶ 5} On September 4, 2002, the trial court conducted a dispositional hearing, and read into the record an agreement between the parties. At this hearing, the parties agreed to transfer legal custody of Nicholas to Fasick with no order of protective supervision and to transfer legal custody of Colin to Fasick with an order of protective supervision to MCCSB that included services for the family of Vankirk and Colin. Upon the initiation of Vankirk's services, visitation with Colin would be scheduled. Subsequent to this hearing, Vankirk never requested the court enter any findings of fact or conclusions of law from this dispositional hearing.
 {¶ 6} In October 23, 2002, the trial court filed an agreed entry of disposition that stated the parties agreed that Nicholas was an abused child and Colin was a dependent child. Further the agreed entry provided that Fasick and Vankirk were waiving their right to a dispositional hearing and that the parties agreed it was in Nicholas's best interests to be in Fasick's legal custody and in Colin's best interest to be in Fasick's legal custody with an order of protective supervision. Vankirk and his counsel signed this document, stating that they agreed that there was a finding that Nicholas was an abused child and that Colin was a dependent child. However, his counsel noted that he disagreed with that finding.
 {¶ 7} On November 7, 2002, Vankirk filed objections and a notice of appeal from the agreed entry to this court. In his appeal, Vankirk raises the following two assignments of error:
 {¶ 8} "I. The Trial Court's Finding That Nicholas Youngerman Is An Abused Child Was Not Established By Clear And Convincing Evidence As Defined By Ohio Revised Code 2151.031.;
 {¶ 9} "II. The Trial Court Erred In Finding That Colin Vankirk Was A Dependent Child Pursuant To Ohio Revised Code 2151.04."
 Appellant's first assignment of error: {¶ 10} Vankirk argues that the trial court's finding that Nicholas was abused was in error as it was not supported by clear and convincing evidence. We disagree.
 {¶ 11} Initially, we note that Vankirk is appealing an "agreed entry" to this Court. The agreed entry journalizes an agreement between the parties read at the September 4, 2002 hearing. At the hearing, the following exchange occurred:
 {¶ 12} "JUDGE: Oh, before, before we begin, when you say the services you're talking about, let's get this agreement out. That Mrs. Fasick would have custody of Colin. That there would be an order of protective supervision put into place. That she would agree to participate in budgeting and parenting and that Mr. Vankirk would agree to participate in a drug/alcohol evaluation, parenting and anger/rage classes. And that he would have standard visitation with Colin so long as the anger/rage classes and the drug/alcohol classes were scheduled to begin. The scheduling has to take place within seven days. It could begin as early as possible thereafter.
 {¶ 13} "JEANNINE PRATT: That's right.
 {¶ 14} "JUDGE: Okay, Mr. Malloy does your client agree to that?
 {¶ 15} "MARTIN MALLOY [Vankirk's attorney]: Your Honor we would agree as long as we can get some help from someone to set those up. He, he has no knowledge of who to call or how to do it. So as long as we get someone to tell us the numbers or how to go about it we have no problem with the
 {¶ 16} "* * *
 {¶ 17} "MARTIN MALLOY: time frame." (9/18/02 Tr. at 2-3).
 {¶ 18} After this hearing, the trial court entered an agreed entry that Vankirk and his attorney signed with the notation that they were agreeing that the court had made a finding that Nicholas was abused and Colin was a dependent child but that Vankirk did not agree that this finding was correct. Vankirk agreed to Fasick having legal custody of both Nicholas and Colin in this entry. Therefore, Vankirk does not appear to be challenging the trial court's disposition of placing both boys in the custody of Fasick or giving Vankirk visitation only with Colin. Rather Vankirk appears to be solely challenging the trial court's determination that Nicholas was an abused child and Colin was a dependent child.
 {¶ 19} Nicolas was adjudged to be an abused child and Colin to be a dependent child by the magistrate at the end of the adjudicatory hearing that was held on July 31, 2002 hearing. Vankirk failed to file a request for findings of fact or conclusions of law from the decision. If a party fails to request findings of fact and conclusions of law, we are forced to presume the regularity of the lower court proceedings. Buntenv. Bunten (1998), 126 Ohio App.3d 443, 447. Our review is hampered by the lack of findings and creates a difficult challenge for an appellant arguing the lower court's decision was against the manifest weight of the evidence. In re Carter (Nov. 8, 1999), Butler App. No. CA99-03-049. Thus, we must presume regularity in the proceedings below and affirm the judgment so long as some evidence existed to support the lower court's judgment. Id.
 {¶ 20} Additionally, Vankirk failed to file objections to the magistrate's decision with the trial court. Civil Rule 53 provides that a party may file objections to a magistrate's decision within fourteen days of the decision. Failure to file timely objections to the magistrate's decision with the trial court results in a waiver by the parties to all but plain error on appeal. Dean-Kitts v. Dean, Greene App. No. 2002CA18,2002-Ohio-5590. Civil plain error amounts to error that "seriously affects the basic fairness, integrity or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson, 79 Ohio St.3d 116,1997-Ohio-401. We are unable to find plain error in the underlying case.
 {¶ 21} The appellant has the duty to portray any error in the record. Makranczy v. Gelfand (1924), 109 Ohio St. 325. Vankirk fails to point to any irregularity in the underlying case that could amount to plain error. Vankirk only argues that clear and convincing evidence did not exist to support the findings. We do not agree with this assessment.
 {¶ 22} The evidence presented at the hearing was the testimony of the boys' guidance counselor and their MCCSB caseworker. The guidance counselor testified that both Nicholas and Colin told her that Vankirk had hit Nicholas in the mouth and punched him on his leg near his knee. This was in addition to several other occasions where Nicholas and Colin had informed the counselor that Vankirk subjected them to verbal and physical abuse. Additionally, the guidance counselor testified that she took pictures of bruises to Nicholas's mouth and knee, which were offered as exhibits at the trial. Additionally, the caseworker testified that Nicholas and Colin had each separately told her that Vankirk struck Nicholas in the mouth and on the leg. Further, she also observed the bruising on Nicholas. Moreover, Vankirk testified at trial that he has hit Nicholas on the back of the head on occasions and admitted that he struck Nicholas four or five times in the mouth the night before Nicholas appeared at school with bruises and cuts on his mouth. (7/30/2002 Tr. 87, 90-91). Additionally, Vankirk admitted in a written statement that he had smacked Colin with his open hand.
 {¶ 23} We find that this amounts to clear and convincing evidence to support the lower court's finding that Nicholas was an abused child. Thus, we cannot say that the trial court's determination amounted to plain error. Vankirk's first assignment of error is without merit and is overruled.
 Appellant's second assignment of error: {¶ 24} Vankirk argues that the trial court erred in determining Colin to be a dependent child because clear, convincing evidence did not exist for finding Nicholas to be an abused child and because Nicholas no longer is a resident of Vankirk's house. We disagree.
 {¶ 25} As in the first assignment of error, Vankirk failed to file objections to the magistrate's decision that Nicholas was an abused child and Colin was a dependent child. Therefore, we are reviewing the trial court's adoption of this determination for plain error. As discussed in the first assignment of error, we do not find that plain error occurred in determining Nicholas to be an abused child, but that clear, convincing evidence existed to support the determination. Colin was determined to be a dependent child pursuant to R.C 2151.04(D).
 {¶ 26} R.C. 2151.04(D) defines a dependent child as any child:
 {¶ 27} "To whom both of the following apply:
 {¶ 28} "(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
 {¶ 29} "(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."
 {¶ 30} Vankirk argues that the trial court should not have found that Colin was a dependent child because Vankirk had voluntarily given custody of Nicholas to Fasick, and therefore, Nicholas no longer lived in the same house as Colin and Vankirk. Vankirk asserts that because of this fact, R.C. 2151.04(D)(2)'s requirement was not met.
 {¶ 31} The testimony at the hearing established that Vankirk had struck Colin in the same manner as Nicholas. Although there was no evidence of bruising on Colin, the guidance counselor and the caseworker testified that Nicholas and Colin had reported that Vankirk had struck Colin. Moreover, Vankirk admitted he smacked Colin in the mouth on the same night that Nicholas stated he received the bruise to his leg. Moreover, the caseworker testified that Nicholas and Colin had complained of verbal abuse from Vankirk in the form of belittling, demeaning comments. Colin and Nicholas had reported that Vankirk's use of alcohol was a stimulant to his abusive behavior, and Vankirk continues to use alcohol and has not taken advantage of any chemical dependency or intervention services. Thus, even though Nicholas may no longer be in the household with Vankirk and Colin, Vankirk's use of alcohol, which reportedly brought on the abuse, continues. As in the previous assignment of error, the evidence presented amounted to clear, convincing evidence that Colin was a dependent child, and we certainly cannot find plain error in the trial court's adoption of the magistrate's determination that Colin was a dependent child. Vankirk's second assignment of error is without merit and is overruled.
 {¶ 32} The judgment of the trial court is affirmed.
FAIN, P.J. and GRADY, J., concur.