OPINION
{¶ 1} Defendant-appellant Lonnie J. Lang appeals from a civil protection order. Lang contends that the trial court erred in adopting a magistrate's decision, because the civil protection order should not have included Lang's minor child where there was no admissible evidence establishing that the child was a victim of domestic violence.
 {¶ 2} We conclude that Lang waived all but plain error by failing to file timely objections to the magistrate's decision. Lang contends that the minor child was not a victim of domestic violence, and that the only evidence in support of this finding is the testimony of one witness, which Lang argues is inadmissible hearsay. Even if the testimony is inadmissible hearsay, we conclude that it does not amount to plain error. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} In May, 2003, plaintiff-appellee Tawni (Tanya) Lang filed a petition for a domestic violence civil protection order against Lonnie J. Lang, Tawni's former husband and the natural father of their minor child, C., seeking relief on behalf of herself, her sister, and the minor child. An ex parte hearing was held before a magistrate, and an ex parte order of protection was issued by the magistrate. Later, a full hearing was held before the magistrate, at which Lang was present with an attorney and Tawni represented herself. On June 12, 2003, the magistrate issued a five-year civil protection order against Lang, protecting both Tawni and the minor child. As part of that order, Lang's temporary visitation rights were limited to supervised contact with the minor child. The order specified that it was subject to any subsequent visitation order that might be entered by the domestic relations court in the parties' divorce action.
 {¶ 4} On June 30, 2003, Lang filed objections to the magistrate's decision, contending that there was no evidentiary basis for the magistrate's finding that the child should be a protected person under the civil protection order. On July 14, 2003, the trial court found that "[t]he court's magistrate having filed his magistrate's decision on June 12, 2003, with regard to this matter and more than 14 days having passed, the court in reviewing the decision and no objections having been timely filed thereto, does hereby approve and adopt such decision and incorporates in this judgment entry said decision as though fully rewritten." From the judgment of the trial court, Lang appeals.
 II {¶ 5} Lang's sole assignment of error is as follows:
 {¶ 6} "The court erred when it included the child as a protected person in the protection order where there was no admissible evidence in the record that the child was a victim of domestic violence[.]"
 {¶ 7} Lang contends that the trial court erred in adopting the magistrate's decision, because the civil protection order should not have included Lang's minor child where there was no admissible evidence to establish that the child had been a victim of domestic violence.
 {¶ 8} Civ.R. 53(E)(3)(a) provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, regardless of whether the court has adopted the decision. . . ." The magistrate in this case filed his decision on June 12, 2003. Lang filed his objections to the magistrate's decision on June 30, 2003, more than fourteen days after the magistrate's decision. Therefore, Lang's objections to the magistrate's decision were not timely filed. "Failure to file timely objections to the magistrate's decision with the trial court results in a waiver by the parties to all but plain error on appeal." In re Youngerman, Miami App. No. 2002-CA-61, 2003-Ohio-5397, at ¶ 20, citation omitted.
 {¶ 9} In civil cases, the Ohio Supreme Court has held that "the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfussv. Davidson, 79 Ohio St.3d 116, 122-123, 1997-Ohio-401,679 N.E.2d 1099. We are unable to find plain error in this case.
 {¶ 10} Lang contends that there is no evidence to support that the minor child is a victim of domestic violence. Tawni contends that the minor child is a victim of domestic violence, because there is evidence in the record that the minor child suffered a mental injury.
 {¶ 11} Pursuant to R.C. 3113.31(A)(1)(c), domestic violence is defined, in pertinent part, as "[c]ommitting any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code." Pursuant to R.C. 2151.031(D), an abused child includes, in pertinent part, any child who "[b]ecause of the acts of his parents, guardian, or custodian, suffers physical or mental injury that harms or threatens to harm the child's health or welfare."
 {¶ 12} At the hearing, Tawni testified as follows:
 {¶ 13} "A. His exact words, `I'll fuckin' kill you, you cunt whore bitch,' and then he hung up the phone. This isn't the first time. He talked to my son. We have a four year old son together, and C. [the minor child] told me Friday that you told him, that he told him, that he was going to cut his mom up and throw her in the river.
 {¶ 14} "MR. KEMMER: Objection. Ask it be stricken.
 {¶ 15} "THE COURT: Ma'am, you have to lay a stronger — you have to lay more of a foundation for that statement. If you tell me the circumstances behind the statement of the child, so I'm going to tentatively overrule your objection and see if she can lay a foundation for it.
 {¶ 16} "A. With all these threats going on, it's not just me that he's doing this to, it's our son also. That's the reason for the C.P.O. I need to be protected. My son needs to be protected. The threats have been going on for too long. The abuse has been going on for too long. He's not gonna stop, and he's told me [sic] several occasions he doesn't care if I'm dead.
 {¶ 17} "It's not just me he's harming. He's harming our son. He's gotten by with it a lot. It's an ongoing thing. He's not gonna stop. I've had a C.P.O. against him before. It was broken. He had a warrant. It was never served. This is 2000-2001.
 {¶ 18} "I've had a — he's trespassed off the property. He's broke that.
 {¶ 19} "MR. KEMMER: Objection. It's irrelevant, Your Honor.
 {¶ 20} "THE COURT: Overruled. You can go ahead."
 {¶ 21} On cross-examination, Tawni also testified as follows:
 {¶ 22} "Q. All right. Are you saying here under oath that Lonnie attempted to cause bodily injury to C.?
 {¶ 23} "A. He has before.
 {¶ 24} "Q. Are you saying that today?
 {¶ 25} "A. That he has before. When?
 {¶ 26} "Q. No, as a basis for getting a C.P.O.?
 {¶ 27} "A. Me. He threatened my life.
 {¶ 28} "Q. Okay. So it really doesn't have anything to do with C., does it?
 {¶ 29} "A. Yes, it does have a lot to do with C.
 {¶ 30} * *
 {¶ 31} "Q. So in terms of seeking protection for C. It doesn't have anything to do with any threat of bodily violence against C., does it?
 {¶ 32} "A. Mental abuse for my son.
 {¶ 33} "Q. That would — so I'll take that as a yes?
 {¶ 34} "A. Mental abuse, not physical abuse."
 {¶ 35} Tawni also testified that "I would never think that Lonnie would physically intentionally hurt our son, physically. He's doing so much damage to him by telling him the things he's saying about cutting me up and putting me in the river, calling me a bitch, whore, a slut, and all the other things that he has told him. It's not physical abuse, it's mental abuse, and that's worse." Defense counsel did not object to this statement.
 {¶ 36} Daphne Karns, an advocate at the Miami County Family Abuse Shelter, testified that the minor child told her that "my daddy told me to tell my mommy that he was going to cut her up and put her in the river." Defense counsel objected to this statement, and the magistrate overruled the objection.
 {¶ 37} Lang contends that the only evidence in support of the minor child having suffered a mental injury is this statement made by Karns, which Lang argues is inadmissible hearsay. Therefore, Lang contends that the minor child is not a victim of domestic violence and should not have been included as a protected person in the civil protection order.
 {¶ 38} Based on Tawni's testimony, we disagree with Lang that the only evidence establishing that the minor child suffered a mental injury is the testimony of Karns. Even if Karns's testimony was inadmissible hearsay, we cannot conclude that this amounts to plain error. We cannot find that the admission of Karns's testimony is the "extremely rare case involvingexceptional circumstances where error * * * seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss, supra at 122-123, emphasis added. Plain error is not favored in this situation. See id. Even in a criminal case, for plain error to exist "`the error must be plain,' which means that it `must be an `obvious' defect in the trial proceedings.'"State v. Noling,98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88, at ¶ 62, citation omitted. In our view, the admission of Karns's testimony concerning C.'s statement, even if erroneous, is not an "obvious" defect in the proceeding. The magistrate concluded that the statement was not hearsay, because it was admitted not to prove that Lang made the statement attributed to him by C., but instead to prove the mental state of C. resulting from the threats Lang had uttered against C.'s mother, concerning which C.'s mother had testified. This may have been an erroneous analysis of the application of the rule against hearsay, but it is not so clearly erroneous as to constitute an "obvious" defect in the proceedings amounting to plain error. Nor is the result manifestly unjust. The threats Lang uttered against C.'s mother, concerning which she testified, have an obvious potential to frighten C., which renders his inclusion within the scope of the protection order not manifestly unjust, especially since the protection order does not preclude any visitation of Lang with his son, but merely requires that visitation be supervised unless and until a contrary order of visitation is entered by the domestic relations court having jurisdiction over the parties, which is in the best position to assess visitation in this situation.
 {¶ 39} We conclude that the inclusion of C. within the scope of the civil protection order entered in this case does not constitute plain error.
 {¶ 40} Lang's sole assignment of error is overruled.
 III {¶ 41} Lang's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
Grady and Young, JJ., concur.