DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Steven McFall, appeals from the decision of the Lorain County Court of Common Pleas, Juvenile Division, which awarded custody of his two minor children to their maternal grandmother, Appellee, Kathleen Radka. We affirm.
 {¶ 2} Appellee filed a complaint for custody of the children on March 21, 2003. Following a home study investigation and genetic testing verifying that Appellant was the father of the children, the court conducted a hearing on the complaint in December 2003. In addition to the hearing, the judge spoke in camera with both children. The trial court rendered its decision in January 2004 granting custody of the children to Appellee. Appellant timely appealed, raising one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The court erred when it granted custody of the minor children to a non-parent against the wishes of a parent because said decision was unconstitutionally contrary to the ruling of the U.S. Supreme Court in Troxel v. Granville, contrary to law, constituted an abuse of discretion by the trial court, and is not supported by, and is against the manifest weight of the evidence."
 {¶ 3} In his only assignment of error, Appellant argues that the trial court erred in granting custody of the two minor children to Appellee. Specifically, Appellant asserts the trial court erred in finding him an unsuitable parent. While Appellant admits to making certain questionable choices regarding the children, he opines that the evidence presented at the hearing indicated that "Appellee's choices in this matter seem likewise questionable." As such, he asserts that he and Appellee are both equally suited to take custody of the children, and that his rights as a parent should therefore overcome those of Appellee, a non-parent. We disagree with Appellant's underlying contentions.
 {¶ 4} Determinations regarding child custody matters lie within the sound discretion of the trial court. Smith v. Smith,
9th Dist. No. 01CA0036, 2002-Ohio-223, at 4, citing Miller v.Miller (1988), 37 Ohio St.3d 71, 74. Absent an abuse of discretion, an appellate court may not overturn the decision of the trial court. Smith, supra, at 3. An abuse of discretion is more than a mere error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its own judgment for that of the trial court. Id.
 {¶ 5} A parent undoubtedly has a fundamental liberty interest in the custody, care, and management of his or her children.Troxel v. Granville (2000), 530 U.S. 57, 65, 147 L.Ed.2d 49;In re Murray (1990), 52 Ohio St.3d 155, 157. However, where a parent is found unsuitable, a court may award custody to a non-parent over the objection of a parent. In re Perales
(1977), 52 Ohio St.2d 89, syllabus. Custody may not be granted to a non-parent simply because he or she is capable of providing a better lifestyle to the child, nor may a finding of unsuitability rest merely on "some moral or character weakness." Id. at 97, 99, fn.
12. Instead:
"a preponderance of the evidence [must show] that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child." Id. at syllabus.
When considering whether an award of custody would be detrimental to a child, the court may consider not only the physical and mental effects of placement but also the emotional and psychological effects. Id. at 98, fn. 11.
 {¶ 6} In this particular case, the trial court found that "[Appellant] is not a suitable parent for the minor children and that an award of custody of the minor children to [Appellant] would be detrimental to the minor children." While Appellant does not appear to challenge any of the court's twenty-nine findings of fact (or their multiple subparts), Appellant contends that "[t]he court * * * never specified what the detriment to the children consisted of, and how that detriment pertained to Appellant." As such, he argues that the finding of unsuitability is against the manifest weight of the evidence.
 {¶ 7} A determination of unsuitability must be supported by a preponderance of the evidence. In re Hockstock,98 Ohio St.3d 238, 2002-Ohio-7208, at ¶ 17. As long as the trial court's determination of unsuitability in this case was "supported by a substantial amount of credible and competent evidence[,]" we will not disturb it on appeal. In re Adams (Oct. 31, 2001), 9th Dist. No. 01CA0026, at 2.
 {¶ 8} The guardian ad litem's recommendation adequately and succinctly sums up the evidence in this case:
"Although [Appellant] qualified for public housing for the children, it does not appear to the undersigned that he possesses the parenting skills required to raise these children in the manner they deserve. The children appear listless when around [Appellant]. They have little if any possessions, provisions and clothing. They are delayed academically. [Appellant] exposes them to an inappropriate lifestyle. [Appellant] is not teaching the children to become responsible adults. The children do not seem to be adjusted to living with [Appellant]. They have been homeless for a number of months since November 2002.
"The children appear happier and more secure around [Appellee] * * *. The undersigned believes that the children did in fact live with their mother and [Appellee] for most of their lives and not with [Appellant]. It appears clear to the undersigned that [Appellant] decided to take the children out of their home and then had them living in a homeless shelter. It is distressing that [Appellant] would compound the children's already stressful lives by having them live on the streets immediately after the death of their mother.
"[Appellant] demonstrated a limited ability to parent the children. He makes light of his son missing almost an entire year of school and he demonstrates little understanding of the importance of his children receiving [an] education. [Appellant] is a high school drop out and has never held a job. [Appellant] seem to resent [Appellee] because [she] can provide the children with everything he cannot: financial support, encouragement, discipline, etc. [Appellant] has made no effort to get a job so that he can provide financial support for his children. He exposes the children to a high crime, transient lifestyle. That [Appellant] would force his children to live in a van and in a homeless shelter rather than with [Appellee] in a stable home demonstrates inability to act in the children's best interest. [Appellant's] own mother believes that her son is not an appropriate person to have custody of these children. His motives with regard to the children seem selfish.
"These children deserve to be raised in a home where they can receive the basic things needed by every child. Although [Appellant] appears to love his children, he has demonstrated that he does not possess the ability to meet the children's needs at this time. It is clear to the undersigned that the children's home has been with [Appellee]. The children's needs would be met by [Appellee]."
 {¶ 9} Further evidence offered indicated that Appellant smoked marijuana in front of his children, taught his son how to break into other vehicles to steal tools, and did not have a valid driver's license yet transported his children without proper child restraints in a work van with expired tags and no vehicle insurance. The trial court's findings of fact reiterated these things, and further documented Appellant's criminal history:
"5. [Appellant] had a felony Domestic Violence charge, the alleged victim, Mother, * * * pending at the time mother and children were residing with [Appellee]. [Appellant] had a prior misdemeanor Domestic Violence conviction.'
"* * *
"22. [Appellant] has a criminal record for possession of drugs, drug abuse, receiving stolen property, breaking and entering, domestic violence, a misdemeanor and a felony."
The court also noted that at least one child had objected to Appellant's association with certain friends which made the child uncomfortable, but Appellant ignored the child. Further, the court found that both children have safety issues in continuing to live with Appellant.
 {¶ 10} After reviewing the evidence offered at the custody hearing and the transcript of the judge's interview with both children, we find that the trial court's findings of fact are supported by competent, credible evidence. We also find that the court did not abuse its discretion in finding that Appellant was an unsuitable parent due to the detrimental consequences which would follow an award of custody to Appellant. The determination was supported by the manifest weight of the evidence. Accordingly, we overrule Appellant's assignment of error.
 {¶ 11} We overrule Appellant's assignment of error and affirm the decision of the Lorain County Court of Common Pleas, Juvenile Division.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., and Boyle, J., Concur.