OPINION
{¶ 1} Appellant Janise Fout appeals the decision of the Court of Common Pleas, Delaware County, Juvenile Division, which awarded custody of her son to Appellees Darrell and Janise Tate. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant Janise Fout is the mother of Kody Fout, born in 1995. Kody's alleged father is incarcerated. On October 15, 2001, appellant filed a motion seeking "Custodial Determination under Section 2151.23(A)(2) Ohio Revised Code," stating therein that she was "unable to provide for Kody." Via a judgment entry filed November 13, 2001, Kody was placed with Appellees Darrell and Janise Tate ("the Tates") as "Temporary Residential and Custodial `Parents.'" The Tates are not blood relatives of appellant or Kody. According to the aforesaid judgment entry, during appellant's own childhood, she lived "off-and-on" with Janise Tate's mother. On October 21, 2002, the Tates filed a pro se motion seeking legal custody of Kody. On November 19, 2002, appellant filed a motion seeking return of custody to her. Following two days of evidence, the trial court issued a judgment entry on April 7, 2004 finding appellant to be an unsuitable parent and awarding custody of Kody to the Tates.
 {¶ 3} Appellant filed a notice of appeal on May 6, 2004. She herein raises the following sole Assignment of Error:
 {¶ 4} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF MOTHER-APPELLANT BECAUSE ITS FINDING OF PARENTAL UNSUITABILITY IS NOT SUPPORTED BY A SUBSTANTIAL AMOUNT OF CREDIBLE AND COMPETENT EVIDENCE.
 I. {¶ 5} In her sole Assignment of Error, appellant contends the trial court's finding of her parental unsuitability is not supported by the evidence. We disagree.
 {¶ 6} In In re Perales (1977), 52 Ohio St.2d 89, 369 N.E.2d 1047, the Ohio Supreme Court addressed child custody proceedings between a parent and a nonparent, holding as follows at the syllabus: "In an R.C.2151.23(A)(2) child custody proceeding between a parent and a nonparent, the hearing officer may not award custody to the nonparent without first making a finding of parental unsuitability-that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child." In In re Hockstok, 98 Ohio St.3d 238,2002-Ohio-7208, syllabus, the Ohio Supreme Court held that a trial court must make a parental-unsuitability determination on the record before awarding legal custody to a nonparent.[1] A determination of unsuitability must be supported by a preponderance of the evidence. Id. at ¶ 17. As long as the trial court's determination of unsuitability is supported by a substantial amount of credible and competent evidence, an appellate court will not disturb it. Radka v. McFall, Lorain App. No. 04CA008438, 2004-Ohio-5181, ¶ 7, citing In re Adams (Oct. 31, 2001), Wayne App. No. 01CA0026, 2001-Ohio-1652. Moreover, in proceedings involving the custody and welfare of children, the power of the trial court to exercise discretion is peculiarly important. In re RossantelliChildren, Delaware App. No. 01CAF12072, 2002-Ohio-2525, citing Thompsonv. Thompson (1987), 31 Ohio App.3d 254, 258, 511 N.E.2d 412, andTrickey v. Trickey (1952), 158 Ohio St. 9, 13, 106 N.E.2d 772.
 {¶ 7} As indicated in our earlier recitation of facts, Kody has been in the temporary custody of the Tates pursuant to court approval since the fall of 2001. See R.C. 2151.011(B)(52). The Tates, who are licensed foster care providers, maintain a working farm and provide a home for four other foster children, as well as their own six children. Janise Tate also holds a nursing degree. At the time of the proceedings sub judice, Kody was in second grade at Buckeye Valley Elementary, and was participating in karate and 4-H activities.
 {¶ 8} The record in the case sub judice further reveals that appellant became pregnant with Kody at age sixteen. Since that time, she has not completed further high school studies or obtained a GED. When Kody was first placed with the Tates in September 2001, he was five and one-half years of age, he was not toilet-trained, lacked daily living skills, and had an IQ in the well below average range. At the time of the most recent hearing, appellant had been unemployed for a period of at least five years, except for one seasonal holiday job during Christmas of 2003. She has another child and receives governmental assistance and food stamps. She has never provided child support for Kody. Between September 19, 2003, and January 30, 2004, appellant failed to exercise several scheduled visitation opportunities. She has never been to Kody's school or met his teachers. Appellant appears to chiefly live with her mother, Sandra Ketter, in western Pennsylvania, although she had utilized five addresses in the two years prior to the hearing. The Ketter house has three bedrooms and is on a one-acre lot. It is apparently shared by Sandra Ketter, Sandra's boyfriend, appellant, and appellant's other son. Evidence was also introduced concerning appellant's history with abusive boyfriends, although appellant presently asserts that she has matured a great deal from her teenage years and that there is no evidence that she has engaged in criminal activity or has ever been the subject of children's services complaints.
 {¶ 9} The judgment entry under appeal states in pertinent part the following conclusions: "Based upon the totality of the facts, including, but not limited to, mother's employment, education and housing status; her lack of involvement with school, treatment, health care, either by phone, computer or letter while separated from Kody; the history of Kody being raised by others, and in consideration of Kody's fragile state and need for extraordinary care and tutelage, the mother, Janise Fout, is unsuitable to care for the child at this time." Judgment Entry at 5. Upon review of the record, we find the court did not abuse its discretion in making its unsuitability finding, based on the level of evidence presented that a present return of custody to appellant would be detrimental to Kody. Perales, supra.
 {¶ 10} Accordingly, appellant's sole Assignment of Error is overruled.[2]
 {¶ 11} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Delaware County, Ohio, is affirmed.
Wise, J., Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Delaware County, Ohio is affirmed.
Costs to appellant.
[1] The custody dispute at issue between the natural mother and the temporary custodian in Hockstock originated from a parentage action.
[2] We note the trial court in the case sub judice is permitting appellant to have reasonable parenting time. We emphasize, as did the court in Bragg v. Hatfield, 152 Ohio App.3d 174, 2003-Ohio-1441, that "neither our decision nor the trial court's decision should be construed as a permanent bar to appellant's gaining custody" of the child. Id. at 185.