OPINION *Page 2 
{¶ 1} Appellant appeals the trial court's denial of his motion for reallocation of parental rights. Specifically, appellant, Robert Frazier, the children's father, appeals the trial court's judgment entry dated April 25, 2007, wherein the court held that it was not in the best interest of the children to be placed with either parent and dismissed appellant's motion for reallocation of parental rights. Appellee, Janine Horn, is the children's mother.
 STATEMENT OF FACTS AND CASE {¶ 2} Appellant, Robert Frazier, and Appellee, Janine Horn, are the biological parents of four children, Megan, Makala, Maranda and Marissa. This case involves the two oldest children, Megan and Makala.
 {¶ 3} On December 29, 1997, the Licking County Court of Common Pleas, by judgment entry, found appellant to be the biological father of Megan and designated appellee residential parent. Paternity of Makala was established in 1999, in Morrow County. The children lived with both parents until 2005, when the parties separated. Thereafter, the children remained in the custody of appellee.
 {¶ 4} In March of 2007, appellee lost her housing and Megan and Makala began residing with the appellant. On May 18, 2007, appellant filed a pro se motion for modification of parental rights and responsibilities. Essentially, appellant sought custody of Megan and Makala. Appellee did not oppose the change in custody
 {¶ 5} On July 31, 2007, the parties appeared before the court for an oral hearing on appellant's motion to modify parental rights and responsibilities. During the hearing, appellee advised the court that she did not object to appellant's request for modification *Page 3 
of custody of Megan and Makala. Also, during the hearing, the magistrate inquired about appellant's criminal record. Upon inquiry, the appellant stated that he had a criminal record for "running from the police and DUI's" but denied having any other criminal convictions. The magistrate then continued the matter for final hearing in order for a court appointed investigator to evaluate the daily living conditions of the parties and their children.
 {¶ 6} Prior to the final hearing, the investigator submitted a report. In the report, the investigator stated that appellee was uncooperative with home visits and lied about her current living situation. The investigator stated that Children's Services had advised her that appellee had nine contacts with the agency in the last eleven years. She stated that appellee had been convicted of child endangering and was arrested in May of 2007, for a violation of her probation. She stated that the children were living with the appellant because the appellee had been evicted from her apartment and that appellee could not provide safe and stable housing for the children.
 {¶ 7} The investigator further stated that she had concerns about appellant due to appellant's failure to disclose a prior conviction for corruption of a minor. She further stated that she made an unannounced visit to appellant's home and it took appellant over a minute to open the door. She stated that, at the time of the visit, appellant had been off work for several months due to a collarbone injury. She stated that appellant's six bedroom, one bath home was in need of repair. She stated that the four upstairs bedrooms were not in use due to their "dilapidated state" and that the entire upstairs needed to be renovated. She stated that the two children shared a downstairs bedroom with twin beds and dressers. She stated that there were no bottom sheets on the beds *Page 4 
and just a crumpled top sheets on each mattresses. She stated that there were no clothes in the children's chiffarobe. She stated that the bathroom was dirty but not filthy. She stated that the kitchen was a mess with dishes everywhere and the floor was grungy. She stated that the refrigerator held a "bare minimum of food," but the cupboards but, "well stocked". She further stated that there was litter throughout the house.
 {¶ 8} On September 4, 2007, the parties appeared before the court for further hearing. Both appellant and appellee appeared pro se. Appellee testified that Megan and Makala had been residing with him since March of 2007. He stated that he works at "The System" earning between $350.00 and $600.00 per week and was unable to work for a short time due to a collarbone injury. He stated that he has four children but has been unable to pay court ordered child support for the children. In response to the investigator's report, he stated that his house is "perfectly fine" and that he and his wife were remodeling the upstairs. Appellant further stated that he did not disclose his adult conviction for corruption of a minor in his parenting affidavit and/or at the prior hearing because he thought the matter had occurred when he was a juvenile and he was trying to forget his past. In a statement on her own behalf, appellee advised the court that she could not care for the two children and wanted the appellant to have custody.
 {¶ 9} On September 14, 2007, the magistrate issued a decision denying appellant's motion for two reasons. First, the magistrate held that appellant had filed a false and misleading parenting proceeding affidavit because he failed to disclose a prior conviction for corruption of a minor in 1995. Second, the magistrate held that the investigator's report failed to show that either party was an appropriate or suitable *Page 5 
parent for the children. For these reasons, the magistrate found that it was not in the best interest of the children to designate either party as residential parent and that the matter would be referred to the Licking County Department of Job and Family Services for further investigation. The magistrate further found appellant in contempt of court for failing to disclose and lying about his corruption of a minor conviction.
 {¶ 10} On October 26, 2007, appellant filed an objection to the magistrate's decision denying and dismissing his motion for modification.[1] On April 18, 2008, by judgment entry, the trial court overruled appellant's objections.
 {¶ 11} On April 25, 2008, by judgment entry, the trial court approved and adopted the magistrate's decision dismissing appellant's motion for modification. The court also referred the matter to the Licking County Children's Services Agency for "investigation as appropriate."[2]
 {¶ 12} Appellant now seeks to appeal the court's April 25, 2008, judgment entry setting forth the following assignments of error:
 {¶ 13} "I. THE TRIAL COURT ERRED IN RELYING ON THE APPELLANT'S CONTEMPTS AS GROUNDS FOR THE DISMISSAL OF APPELLANT'S MOTION FOR MODIFICATION OF CUSTODY.
 {¶ 14} "II. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S MOTION FOR MODIFICATION OF CUSTODY WITHOUT TAKING INTO ACCOUNT THE FACTORS ENUMERATED IN R.C. 3109.04(F)(1). *Page 6 
 {¶ 15} "III. THE TRIAL COURT ERRED IN FINDING THAT IT WAS NOT IN THE CHILD'S BEST INTEREST TO GRANT APPELLANT'S MOTION FOR MODIFICATION OF CUSTODY.
 {¶ 16} "IV. THE TRIAL COURT ERRED IN NOT FOLLOWING THE REQUIREMENTS SET OUT IN [R.C.] 3109.04(D)(2)."
 {¶ 17} In the first assignment of error, appellant argues that the trial court erred in denying his motion for modification based on a finding of contempt. We agree.
 {¶ 18} R.C. 3109.04 does not permit a modification of custody based upon a finding of contempt. ". . . [T]he children of a dissolved marriage are not pawns whose custody may be used for the punishment of a wrongdoer." Culberson v. Culberson (1978), 60 Ohio App. 2d 304, 306,397 N.E. 2d 1226, 1228. See also, Sheppeard v. Brown, Clark App. No.,2008-Ohio-203; Whaley v. Whaley (1978), 61 Ohio App.2d 111,399 N.E.2d 1270.
 {¶ 19} In this case, the trial court listed appellant's filing of a false and misleading parenting proceeding affidavit and appellant's failure to disclose his prior conviction for corruption of a minor as reasons for the denial of the request for modification. These factors were also the basis for the magistrate's contempt findings. Therefore, the record makes it clear that the decision to deny the motion for modification was based, in part, on appellant's contempt finding. Accordingly, appellant's first assignment of error is well taken. *Page 7 
 II, III {¶ 20} The second and third assignments of error are interrelated and shall be considered together. In the second assignment of error, appellant argues that the trial erred in failing to consider the factors enumerated in R.C. 3109.04. In the third assignment of error, appellant argues that the trial court abused its discretion in finding that it was not in the children's best interest to be placed in appellant's custody. We note that in its decision the trial court found that it was not in the children's best interest to be placed in the custody of either parent.
 {¶ 21} This Court must use an abuse-of-discretion standard in reviewing decisions in domestic-relations cases. Booth v. Booth (1989),44 Ohio St.3d 142, 144, 541 N.E.2d 1028. A reviewing court must uphold a trial court's decision in a child custody matter unless the trial court abused its discretion. See, In re Kennedy (1994), 94 Ohio App.3d 414,640 N.E.2d 1176. An abuse of discretion constitutes "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Sharp v. Sharp (June 29, 1995), Cuyahoga App. No. 66684, 1995 WL 386974. A decision that is unreasonable is one that has no sound reasoning process to support it. Id. See Bank One, NA v. Ray, Franklin App. No. 04AP907, 2005-Ohio-3277,2005 WL 1515360.
 {¶ 22} In a modification proceeding, the court must consider whether the modification is in the child's best interest pursuant to the factors set forth in R.C. 3109.04(F)(1)(a-j), which sets forth the factors a court must consider stating: *Page 8 
 {¶ 23} "(F)(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 24} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 25} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 26} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 27} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 28} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 29} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 30} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 31} "(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the *Page 9 
abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 32} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 33} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 34} "While a court is required to consider the factors set forth in R.C. 3109.04(F)(1)(a)-(j), it is not necessary that the trial court discuss each factor in its judgment entry." Sanders v. Sanders (April 14, 2000), Darke App. No. 99 CA 1506, 2000 WL 376635, citing Bunten v.Bunten (1998), 126 Ohio App.3d 443, 447, 710 N.E. 2d 757, ("When determining the best interests of the children, it is not necessary for the court to set forth its analysis as to each factor in its judgment entry, so long as the judgment entry is supported by some competent, credible evidence."); See also Meyer *Page 10 v. Anderson (April 18, 1997), Miami App. No. 96CA32, 1997 WL 189383;Chelman v. Chelman, Greene App. No. 2007 CA 79, 2008-Ohio-4634. Furthermore, findings of fact pursuant to Civ. R. 52 are not required unless requested by the parties. Chelman v. Chelman, supra.
 {¶ 35} In the case sub judice, the trial court held that it was not in the children's best interest to be placed with either parent. In reaching this conclusion, the court relied on the testimony of the parties and the court investigator's report. During the hearing, the appellant admitted that he had four children and had failed to pay any court ordered child support. In the written report, the investigator expressed concerns about both parents' ability to provide the children with a safe and stable home. With regard to the appellant, the investigator expressed concerns over appellant's prior conviction for corruption of a minor. Additionally, the investigator stated that appellant's home was in a "dilapidated state', "dirty" and "littered." The investigator further stated that, while the cupboards were well stocked, the refrigerator held a "bare minimum of food." She also observed that the children's bed lacked proper sheets and that there were no clothes in their chiffarobes.
 {¶ 36} Upon review, we find that the appellant did not request findings of fact as to the best interest factors. Therefore, the trial court was not required to discuss each factor enumerated in R.C. 3109.04
(F) in its decision and did not err in failing to discuss each factor.
 {¶ 37} We further find that the trial court's decision, that it was not in the best interest of the children to be placed with either parent, appellant-father and/or appellee-mother, *Page 11 
was not unreasonable, arbitrary or unconscionable. The investigator's report provided the court with competent, credible evidence on which to base the decision.
 {¶ 38} Accordingly, appellant's second and third assignments of error are not well taken and are hereby overruled.
 IV {¶ 39} In the fourth assignment of error, appellant argues that the trial found that it was not in the children's best interest to be placed with either parent but failed to comply with the requirements of 3109.04(D)(2). We agree.
 {¶ 40} Initially, we note that this matter arose in the Domestic Relations Division of the Licking County Court of Common Pleas subsequent to a parentage action. In Walters v. Johnson, Licking App. No. 01CA107, 2002-Ohio-2680, this Court found that in parentage cases, the Licking County Court of Common Pleas Domestic Relations Division has exclusive jurisdiction to determine `the allocation of parental rights and responsibilities for the care of children and the designation for the children of a place of residence and legal custodian' and visitation." Id. See also, R.C. 2301.03(S).
 {¶ 41} R.C. 3109.04(D)(2) sets forth the procedure a court should follow if it finds that it is not in the best interest of the children to be placed with either parent. R.C. 3109.04(D)(2) states:
 {¶ 42} "If the court finds, with respect to any child under eighteen years of age, that it is in the best interest of the child for neither parent to be designated the residential parent and legal custodian of the child, it may commit the child to a relative of the child or certify a copy of its findings, together with as much of the record and the further information, in narrative form or otherwise, that it considers necessary or as the *Page 12 
juvenile court requests, to the juvenile court for further proceedings, and, upon the certification, the juvenile court has exclusive jurisdiction."
 {¶ 43} In the case sub judice, the court's investigator filed a report that essentially indicated that neither parent was a suitable placement for the children. The investigator stated that appellee was uncooperative with home visits and lied about her current living situation. The investigator stated that Children's Services advised her that appellee had nine contacts with the agency in eleven years. She stated that appellee had been convicted of child endangering and was arrested in May of 2007, for a violation of her probation. She stated that the children were living with the appellant because the appellee had been evicted from her apartment and could not provide safe and stable housing for the children.
 {¶ 44} The investigator stated that appellant had failed to disclose his conviction for corruption of a minor. The investigator stated that she made an unannounced home visit and it took appellant over a minute to open the door. She stated that, at the time of the visit, appellant had been off work for several months due to a collarbone injury. She stated that the six bedroom, one bath home was in need of repair. She stated that the four upstairs bedrooms were not in use due to their "dilapidated state" and that the entire upstairs needed to be renovated. She stated that the children shared a downstairs bedroom with twin beds and dressers. She stated that there were no bottom sheets on the bed and just crumpled top sheets on the mattresses. She stated that there were no clothes in the children's chiffarobe. She stated that the bathroom was dirty. She stated the kitchen was a mess with dishes everywhere and that the floor was *Page 13 
grungy. She stated that the refrigerator held a "bare minimum of food." She further stated that there was litter throughout the house.
 {¶ 45} Upon review, the trial court found that it was not in the best interest of the children to be placed with either parent, dismissed the case and referred the matter to Licking County Children's Services. Based upon the record, we find that the trial court erred in failing to certify the case to the juvenile court, pursuant to R.C. 3109.04(D)(2), for further proceedings.
 {¶ 46} Accordingly, we find appellant's fourth assignment of error well taken. We hereby vacate the trial court's order of dismissal and remand the matter for further proceedings in accordance with this opinion and law. *Page 14 
 {¶ 47} The Judgment of the Licking County Court of Common Pleas is hereby reversed and remanded to the trial court for further proceedings.
 Edwards, J., Farmer, P.J. and Delaney, J., concur. *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is reversed and remanded to the trial court for further proceedings. Costs assessed fifty percent (50%) to appellant and fifty percent (50%) to appellee.
[1] Appellant also objected to the contempt finding, but does not appeal the trial court's decision regarding the contempt findings.
[2] As a result of the dismissal it appears the children remained in appellee's legal custody but in appellant's physical custody. *Page 1