[Cite as *Bowman v. Mizer*, 2018-Ohio-3453.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| WHITNEY MIZER NKA BOWMAN | : | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 18-CA-05 |
| JAMIE MIZER | : |  |
|  | : |  |
| Defendant-Appellee | : | OPINION |

CHARACTER OF PROCEEDING:        Civil appeal from the Knox County Court of
                                Common Pleas, Domestic Relations
                                Division, Case No. 10DC09-0179

JUDGMENT:                       Reversed and Remanded

DATE OF JUDGMENT ENTRY:         August 27, 2018

APPEARANCES:

For Plaintiff-Appellant         For Defendant-Appellee

NOEL B. ALDEN
103 South Main Street
Mount Vernon, OH 43050

*Gwin, P.J.*

{¶1} Appellant appeals the February 27, 2018 judgment entry of the Knox County Court of Common Pleas, Domestic Relations Division, finding neither parent to be fit and certifying the matter to the Knox County Court of Common Pleas, Juvenile Division.

*Facts & Procedural History*

{¶2} Appellant/Mother and Father were married on July 23, 2005. The parties had two children, B.M., born on December 14, 2006 and B.L.M., born on March 2, 2009. The parties were granted a divorce on April 18, 2012. Appellant was designated the residential parent and legal custodian of the children and Father was granted parenting time. On March 18, 2016, appellant filed a motion for ex parte temporary custody of the children. Also on March 18, 2016, the trial court granted appellant's motion for emergency temporary custody of the children and temporarily suspended Father's parenting time.

{¶3} The parties came to an agreement and an agreed judgment entry was filed on September 12, 2016. The parties agreed that appellant would remain the designated residential and legal custodian of the children and Father would have parenting time. On April 18, 2017, appellant filed a motion to show cause, arguing Father was in contempt of the agreed judgment entry for not allowing any home health services to be provided to the minor child while he was in Father's care.

{¶4} Father filed a verified motion for temporary orders ex parte on May 18, 2017, seeking an order naming him as the temporary residential parent and legal custodian of the children. The trial court denied the ex parte portion of Father's motion, but set the matter for a full hearing. Father then filed a motion for reallocation of parental rights and responsibilities on July 12, 2017, seeking an order naming him the residential parent and

legal custodian for B.M. Father also filed a motion to appoint guardian ad litem for B.M. The trial court re-appointed the original GAL on July 24, 2017. Father filed an amended motion for reallocation of parental rights and responsibilities on August 1, 2017, requesting an order naming him the residential parent and legal custodian of both children.

{¶5} Appellant filed an amended motion to show cause on December 8, 2017. Father dismissed his motion for temporary ex parte order on September 21, 2017. Father then filed another verified motion for temporary orders ex parte, seeking an order designating him the residential and legal parent of B.M. on December 7, 2017. Father filed "amendments" to his motion on December 14, 2017, February 12, 2018, February 21, 2018, and February 26, 2018.

{¶6} The GAL filed a report on February 16, 2018. The GAL recommended: appellant remain the residential parent of the minor children; Father have limited parenting time with B.M. for two hours, twice per week; the trial court should determine whether Father's parenting time is supervised; Father's parenting time with B.L.M. should not be modified; B.M. should take all medication as prescribed; Father should get all medical information from the medical providers; and neither party shall use corporal punishment to discipline the children or permit any other person to use corporal punishment to discipline the children.

{¶7} On February 21, 2018 appellant dismissed her motion to show cause.

{¶8} The trial court held an oral hearing on February 22, 2018 on Father's motions and amendments. The magistrate noted that counsel for appellant had filed a motion for continuance, based upon the fact that the GAL was unable to attend the

hearing because she was in the hospital. The magistrate discussed with Father that she was granting the continuance because the GAL is a party to the case, and proceeding without her is akin to proceeding without Father. Father acknowledged he understood. The magistrate stated on the record that, "the Guardian Ad Litem she is a party to the case, so it would be like going forward without you're here. So I'm not going to - - I'm not going to go forward with today's hearing. We have to have the Guardian Ad Litem here to represent the best interests of the minor children. So I will grant the continuance." The magistrate stated she would continue the matter out and the parties would get a new hearing date in the mail.

{¶9} On February 26, 2018, Father filed a verified motion for emergency temporary orders. The trial court issued a judgment entry on February 27, 2018, in which it noted that the hearing was continued because the GAL was unable to attend the February 22, 2018 hearing. The trial court noted in its judgment entry that both parties appeared at the hearing, however, the GAL "was unable to attend the hearing on February 22, 2018 and the hearing was continued." The trial court stated that the GAL recommended that Father have supervised parenting time and that appellant remain the residential parent. The trial court further stated, "Father continues to file motions alleging that mother is physically abusive with the minor children. Attorney Giles confirmed in her report that mother has used some form of corporal punishment on one of the children." The trial court noted B.M. has ongoing delinquency matters in Knox County Juvenile Court.

{¶10} The trial court stated in its judgment entry that it was in the best interest of the children, "that this matter is certified to the Knox County Court of Common Pleas,

Juvenile Division for further proceedings pursuant to O.R.C. 3109.04(D)(2). The Court finds neither parent to be fit at this time." Both the magistrate and the trial court judge signed the February 27, 2018 judgment entry.

{¶11} Appellant appeals the February 27, 2018 judgment entry of the Knox County Court of Common Pleas, Domestic Relations Division, and assigns the following as error:

{¶12} "I. THE TRIAL COURT ERRED BY FAILING TO MEET THE PREPONDERANCE OF THE EVIDENCE STANDARD IN FINDING THAT NEITHER PARENT WAS FIT.

{¶13} "II. THE TRIAL COURT ERRED IN CERTIFYING THE MATTER TO THE KNOX COUNTY COURT OF COMMON PLEAS, JUVENILE DIVISION, PURSUANT TO O.R.C. 3109.04(D)(2)"

I. & II.

{¶14} In her assignments of error, appellant contends the trial court erred in certifying the matter to the Knox County Juvenile Division because the trial court failed to meet the preponderance of the evidence standard in finding that neither parent was fit because no hearing was held and no evidence was placed on the record. We agree with appellant.

{¶15} "It is well recognized that the right to raise a child is an 'essential' and 'basic' civil right." *In re Hayes*, 79 Ohio St.3d 46, 679 N.E.2d 680 (1997), citing *In re Murray*, 52 Ohio St.3d 155, 556 N.E.2d 1169 (1990). Moreover, a parent's right to custody of his child is paramount. *Id.* Because a parent has a fundamental liberty interest in the custody of his or her child, this important legal right is "protected by law and, thus, comes within the purview of a 'substantial right.'". *Id.* "Therefore, parents 'must be afforded every

procedural and substantive protection the law allows.'" *Id.*, quoting *In re Smith*, 77 Ohio App.3d 1, 601 N.E.2d 45 (6th Dist. 1991).

**{¶16}** R.C. 3109.04(D)(2) provides as follows:

If the court finds, with respect to any child under eighteen years of age, that it is in the best interest of the child for neither parent to be designated the residential parent and legal custodian of the child, it may commit the child to a relative of the child or certify a copy of its findings, together with as much of the record and the further information, in narrative form or otherwise, that it considers necessary or as the juvenile court requests, to the juvenile court for further proceedings, and, upon the certification, the juvenile court has exclusive jurisdiction.

**{¶17}** The Ohio Supreme Court has held that a trial court must make a parental unsuitability determination on the record before awarding legal custody to a nonparent. *In re Hockstok*, 98 Ohio St.3d 238, 781 N.E.2d 971 (2002). A determination of unsuitability must be supported by a preponderance of the evidence. *Id.* As long as the trial court's determination of unsuitability is supported by a substantial amount of credible and competent evidence, an appellate court will not disturb it. *In re Fout*, 5th Dist. Delaware No. 04 CA-F 05036, 2005-Ohio-4344.

**{¶18}** In this case, the judgment entry stated the GAL recommended supervised parenting time with Father and that Mother remain the residential parent. Further, at both the hearing and in the judgment entry, the magistrate stated she was continuing the hearing because the GAL was unavailable due to hospitalization. At the hearing, the

magistrate verified the reason for the continuance was the absence of the GAL and discussed the reason for the continuance with Father.

{¶19} This Court has held that after a hearing where evidence was taken and when the trial court relied on the testimony of the parties and the testimony and report of the appointed investigator, the trial court had competent and credible evidence on which to base its decision that neither parent was suitable. *Horn v. Frazier*, 5th Dist. Licking No. 08 CA 000068, 2009-Ohio-51. However, in this case, neither party had the opportunity to put any evidence on the record at the hearing because the hearing was continued. No substantive issues regarding the motions at issue were discussed during the hearing. Accordingly, we find the trial court's determination of parental unsuitability and certification to the Juvenile Division was not based upon competent and credible evidence.

{¶20} Based on the foregoing, appellant's assignments of error are sustained.

{¶21}    The February 27, 2018 judgment entry of the Knox County Court of Common Pleas, Domestic Relations Division, certifying the matter to the Juvenile Division is reversed and the matter is remanded to the Domestic Relations Division to hold a full hearing.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur