[Cite as *In re A.B.*, 2021-Ohio-357.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF:  A.B. | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| | : | |
| | : | |
| | : | Case No. 20AP0002 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Juvenile Division, Case No.
                                18JG0047

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               February 8, 2021

APPEARANCES:

For Appellant-Father                    For Appellees-Step-Grandparents

ROSE M. FOX                             MILES D. FRIES
233 Main Street                         SUSAN J. MCDONALD
Zanesville, OH  43701                   320 Main Street
                                        P.O. Box 190
                                        Zanesville, OH  43702-0190

*Wise, Earle, J.*

{¶ 1}   Appellant-Father, C.S., appeals the December 31, 2019 journal entry of the Court of Common Pleas of Morgan County, Ohio, Juvenile Division, finding him to be unsuitable to parent his child, A.B., and granting legal custody of the child to appellees, C.W. and R.W., the child's step-grandparents.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   A.B. was born in February 2018.   Mother of the child is A.P.; father is appellant herein.   The parents were never married.   Appellant was aware that he could possibly be the father of the child.

{¶ 3}   After the child's birth, mother was incarcerated and not expected to be released until 2023.   On April 26, 2018, pursuant to an agreed temporary order and mother's consent, the maternal grandmother, S.S., was designated the child's residential parent and legal custodian.   Shortly thereafter, S.S. placed the child in the custody of appellees, A.B.'s step-grandparents.   Mother is married to appellees' son, I.W.

{¶ 4}   On May 23, 2019, appellees filed a motion to be added as third parties and a motion for legal custody of the child.   The trial court added appellees to the action.   In June 2019, paternity testing established appellant to be the biological father.   On June 14, 2019, appellant filed a motion for allocation of parental rights and responsibilities, seeking custody of the child.   A hearing was held on December 10, 2019.   By journal entry filed December 31, 2019, the trial court found appellant to be unsuitable and granted custody of the child to appellees.

{¶ 5}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignment of error is as follows:

I

{¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT APPELLANT WAS UNSUITABLE AND THAT AN AWARD OF CUSTODY WOULD BE DETRIMENTAL TO THE MINOR CHILD."

I

{¶ 7} In his sole assignment of error, appellant claims the trial court erred in finding him to be unsuitable and awarding him custody would be detrimental to the child. We disagree.

{¶ 8} R.C. 2151.23(A)(2) gives exclusive jurisdiction to the juvenile court "to determine the custody of any child not a ward of another court of this state." In *In re Perales,* 52 Ohio St.2d 89, 369 N.E.2d 1047, syllabus, the Supreme Court of Ohio held the following:

In an R. C. 2151.23(A)(2) child custody proceeding between a parent and a nonparent, the hearing officer may not award custody to the nonparent without first making a finding of parental unsuitability that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child.

{¶ 9} As explained by this court in *Nicholas A. v. Joseph P.,* 5th Dist. Tuscarawas No. 2009 AP 03 0009, 2019-Ohio-4423, ¶ 19-20:

* * * As long as the trial court's determination of unsuitability is supported by a substantial amount of credible and competent evidence, an appellate court will not disturb it. *Radka v. McFall*, 9th Dist. Lorain No. 04CA008438, 2004-Ohio-5181, ¶ 7, citing *In re Adams*, 9th Dist. Wayne No. 01CA0026, 2001-Ohio-1652.

Furthermore, in proceedings involving the custody and welfare of children, the power of the trial court to exercise discretion is peculiarly important. *See In re Fout*, 5th Dist. Delaware No. 04 CA-F 05036, 2005-Ohio-4344, ¶ 6, citing *In re Rossantelli Children*, 5th Dist. Delaware No. 01CAF12072, 2002-Ohio-2525 (additional citations omitted). Because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence. *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159. * * *.

{¶ 10} In its journal entry filed December 31, 2019, the trial court concluded a "preponderance of the evidence indicates that the Father is unsuitable and that an award of custody would be detrimental to the child." The trial court made this conclusion after making several findings of fact about appellant that are supported in the record, including a drug paraphernalia charge in November 2018 and a theft charge in 2014, a positive test for THC in October 2019, bi-polar disorder that he does not take medication for, and anger and PTSD issues. T. at 45, 89, 91, 116-117, 121, 130-131, 133. The trial court also found appellant attended one of nine parenting classes, and

had parented with the "child no longer than in two hour stints a few times per month choosing his schedule." T. at 30-31, 33, 35, 48, 112. Appellant arranged visitations around his bowling league and his sleeping schedule as he "likes to sleep in" even though late morning visitations disrupted the child's lunch and nap schedule. T. at 30-31, 35. He has never had unsupervised visits with the child even though appellees attempted to schedule some at his home. T. at 37. Appellant wanted to wait for carpeting on his floors. *Id.*

{¶ 11} The child has lived with appellees since the child was five weeks old. T. at 27. At the time of the hearing, the child was twenty-one months old. Appellees encourage appellant to learn about parenting and will continue to facilitate visitations between appellant and the child. T. at 46-49. Appellees want appellant to be part of the child's life, "including have custody of [the child], too." T. at 49. The trial court concluded the child "is fully adjusted to her home and community. To disrupt the minor child would likely cause significant harm to said child."

{¶ 12} As noted by our colleagues in *In re L.D.,* Franklin No. 12AP-985, 2013-Ohio-3214, ¶ 7:

> Legal custody where parental rights are not terminated is not as drastic a remedy as permanent custody. *In re D.H.,* 10th Dist. No. 11AP-761, 2012-Ohio-2272, ¶ 9; *In re D.R.,* 12th Dist. No. CA2005-06-150, 2006-Ohio-340, ¶ 8. Unlike a grant of permanent custody, when a parent loses legal custody of a child, the parent retains certain residual parental rights and also retains the right to request return of legal custody in the future. *In re D.H.* at ¶ 8.

{¶ 13} Upon review of the evidence presented, we cannot say the trial court abused its discretion in finding appellant to be unsuitable based upon the preponderance of the evidence that awarding him custody would be detrimental to the child.  We find the record contains substantial credible and competent evidence to support the decision.

{¶ 14} The sole assignment of error is denied.

{¶ 15} The judgment of the Court of Common Pleas of Morgan County, Ohio, Juvenile Division is hereby affirmed.

By Wise, Earle, J.

Baldwin, P.J. and

Delaney, J. concur.

EEW/db